Order Entered on
June 2, 2026
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF SAN DIEGO,<br><br>                        Debtor. | BANKRUPTCY NO.   24-02202-CL11<br><br>Name of Judge   Christopher B. Latham |

### ORDER RE OBJECTION TO CLAIM NO. 20785

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through three (3).

DATED:   June 2, 2026

_____
Judge, United States Bankruptcy Court

Page 2   | ORDER RE OBJECTION TO CLAIM NO. 20785

I N RE T HE R OMAN C ATHOLIC B ISHOP OF S AN D IEGO                                    Case No. 24-02202-CL11

The court has considered Debtor's objection to Claim No. 20785 and accompanying documents (ECF No. 1263 & 1266), Catholic Mutual Relief Society of America and the Catholic Relief Insurance Company's ("CMG") joinder in the claim objection (ECF No. 1640), Debtor's reply (ECF No. 1681), and its own docket.  It found the matter suitable for disposition without oral argument (ECF No. 1717).

A claim is properly disallowed if it is "unenforceable against the debtor… under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 501(b)(1).  Under California law, every plaintiff alleging childhood sexual assault who is over 40 years old when time the action is filed must timely submit a certificate of merit.  C AL . C ODE C IV . P. ("C.C.P.") § 340.1(f) (2020).  The certificate of merit is "an indispensable aspect of the complaint." *Roe v. Doe 1*, 98 Cal. App. 5th 965, 969 (2023) (applying C.C.P. § 340.1 (2020)).  If a certificate is not filed before the statute of limitations period has run or within 60 days of complaint's docketing, the claim is time-barred and subject to dismissal with prejudice.  C.C.P. § 340.1(g) (2020); *Jackson v. Doe*, 192 Cal. App. 4th 742, 752 (2011)

Debtor argues that Claimant 20785 failed to submit the obligatory certificate of merit with the complaint within the allowed time, and thus requests it be deemed disallowed (ECF Nos. 1263 & 1266).  Claimant did not file an opposition, so the court construes that as consent to the relief requested and waiver of any objection.  *See* LBR- 9013-7(b)(2).  It nevertheless examines the merits of the claim.  *See* F ED . R. B ANK . P. 3007, Advisory Comm. Notes, 2017 Amend.

### *C.C.P. § 340.1 (2022)*

Claimant filed his state court suit on July 5, 2022.  At the time, C.C.P. § 340.11 (2024) had not been enacted.  Under the then current version of the statute, claims related to childhood sexual assault had to be brought before the later of: (a) the plaintiff reaching 40 years of age; or (b) five years after plaintiff discovers or reasonably should have discovered that his or her adulthood psychological injury or illness was caused by the sexual assault.  C.C.P. § 340.1(a) (2020).[1]

Born in 1974, Claimant was 48 years old when he filed that complaint (ECF No. 1266-4).  Since his claim would have been time-barred, he must have been relying on the three-year revival window codified at C.C.P. § 340.1(q) (2020).  That section states:

> Notwithstanding any other provision of law, any claim for damages described in paragraphs (1) through (3), inclusive, of subdivision (a) that has not been litigated to finality and that would otherwise be barred as of January 1, 2020, because the applicable statute of limitations, claim presentation deadline, or any other time limit had expired, is revived, and these claims may be commenced within three years of January 1, 2020. A plaintiff shall have the later of the three-year time period under

---

[1] The court notes that under the current version of the statute, the analysis and conclusion are the same as to all claims arising before January 1, 2024.  *See* C.C.P. § 340.11.

Page 3 | ORDER RE OBJECTION TO CLAIM NO. 20785

IN RE THE ROMAN CATHOLIC BISHOP OF SAN DIEGO                     Case No. 24-02202-CL11

this subdivision or the time period under subdivision (a) as amended by the act that added this subdivision.

C.C.P. § 340.1(q) (2020).

That revival period extended the statute of limitations on otherwise time-barred claims through December 31, 2022. *Id.*; *Roe v. Doe 1*, 98 Cal. App. 5th at 973. And that revival window was extended a further 178 days per Emergency Rule 9, the Judicial Counsel of California's COVID-19 emergency tolling rule. *See* Cal. Rules of Court, Appendix I, Emergency Rule 9; *Roe v. Doe 1*, 98 Cal. App. 5th at 971 (holding Emergency Rule 9 applies to C.C.P. § 340.1(q)). So Claimant's filing was due June 27, 2023.

Claimant's July 5, 2022 complaint was defective as it did not include a certificate of merit (ECF No. 1266-4). C.C.P. § 340.1(f) (2020). That defect was not timely cured by the June 27, 2023 deadline. And a present amendment cannot relate back to a null complaint from 2022. Therefore, as a matter of California law, Claimant does not have an enforceable claim against Debtor.

Accordingly, the court **sustains** Debtor and CMG's objections, **disallows** Claim No. 20785, and **strikes** the corresponding Proof of Claim. 11 U.S.C. § 501(b)(1). Claims Nos. 20008, 20335 & 20716 are duplicative of Claim No. 20785, and so are **disallowed** for the same reason.

IT IS SO ORDERED.

Signed by Judge Christopher B. Latham June 2, 2026